UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANCISCO JOSE BACA,

    Petitioner,

v.                                                     Case No. 3:20cv5357-MCR-HTC

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent Secretary, Florida Department of Corrections' Motion to Dismiss. ECF Doc. 16. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon consideration, and for the reasons set forth below, the undersigned recommends that the motion be DENIED, as the petition is timely filed.

I.     BACKGROUND

Petitioner, Francisco Jose Baca, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 by delivering it to prison mail officials on March 30, 2020. ECF Doc. 1. Baca subsequently amended his petition on or about May 1, 2020. ECF Doc. 8, supporting memorandum, ECF Doc. 9. Baca seeks to vacate his conviction from the

First Judicial Circuit Court, Escambia County, in case number 2016-CF-3542A, on one count of sexual battery of a deadly weapon. ECF Doc. 8 at 1. Specifically, Baca was charged in July 2016 with three counts of sexual battery with a deadly weapon. ECF Doc. 16-1 at 9. He pled *nolo contendere* to the first count, and the State announced *nolle prosequi* as to the second and third counts. *Id.* at 12. On May 5, 2017, Baca was sentenced to thirteen (13) years' imprisonment on Count One, and the other two counts were dismissed. *Id.* at 15 & 18. Petitioner did not file a direct appeal.

Baca also did not file any application for State post-conviction or other collateral review from May 5, 2017 until May 2, 2018, when he filed a motion under Florida Rule of Criminal Procedure 3.850. *Id.* at 47. That motion, amended several times, was finally denied by the circuit court on June 6, 2019. *Id.* at 42. The First District Court of Appeals affirmed the denial of the postconviction motion on February 13, 2020 and issued the mandate on March 12, 2020. *Id.* at 53. Petitioner did not file any application for State post-conviction or other collateral review after that date, other than the instant petition. ECF Doc. 1.

Respondent moves to dismiss the case, arguing that Baca's petition is untimely by twelve (12) days. As will be discussed below, it appears that the Respondent's motion is based on a simple mathematical error as to the number of days in a year.

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A).[1]  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

As stated above, Petitioner did not appeal his May 5, 2017 judgment and sentence.  Thus, that judgment became final on June 5, 2017, thirty (30) days later when time for a direct appeal had expired.[2]  *See Bridges v. Johnson,* 284 F.3d 1201, 1202 (11th Cir. 2002) ("judgment became final on the date that the time for seeking direct review expired"); *Porkolab v. Sec'y, Fla. Dep't of Corr.*, No. 3:18-CV-157-J-39JBT, 2020 WL 1308201, at *3 (M.D. Fla. Mar. 19, 2020) (where no direct appeal

---

[1] The statute also provides for other "trigger" dates, but none are applicable to Baca's case and BACA does not contend otherwise.
[2] Because the 30-day period actually ends on a Sunday, June 5, 2017, the judgment became final the following Monday.

was taken from an order amending the judgment and sentence, the order became final thirty days later). Thus, as Respondent and Petitioner correctly notes, Baca's AEDPA clock under §224(d)(1)(A) began to run the following day, on June 6, 2017. ECF Doc. 16 at 4; ECF Doc. 18 at 3.

Because Baca did not have any pending post-conviction motions or other appeals, which would have tolled his AEDPA clock, the AEDPA time ran from June 6, 2017, until Petitioner filed his very first 3.850 motion on May 2, 2018. Respondent and Petitioner calculates the expired and untolled time from June 6, 2017 to May 2, 2018, as 331 days. ECF Doc. 16 at 4; ECF Doc. 18 at 3. However, the undersigned calculates it as 330 days. This one-day difference, however, is immaterial as Baca's motion was timely by more than one (1) day.

With 330 having expired, Baca was left with thirty-five (35) days remaining on his AEDPA clock as of May 2, 2018. From May 2, 2018 until March 12, 2020, the AEPDA clock was tolled by Baca's pending 3.850 motion. *See King v. Sec'y, Fla. Dept. of Corr.*, 2017 WL 6760186, *1 (11th Cir. Jan. 5, 2017) (holding federal one-year period is tolled upon properly filed postconviction motion and remains tolled until the appellate court issues its mandate). Once the First District Court of Appeal issued its mandate affirming the denial of the motion on March 12, 2020, Baca's AEDPA clock began to run again the following day, March 13, 2020. Thus,

for Baca's petition to be timely filed it must have been filed by April 17, 2020.  As stated above, Baca filed the instant case on March 30, 2020, making it timely filed.

The Respondent agrees that Baca's AEDPA clock was tolled from May 2, 2018, to March 12, 2020.  ECF Doc. 16 at 4.  And, as stated above Respondent determined that 331 had already expired prior to the filing of the 3.850 motion. Respondent, however, calculates that Baca only had *five (5)* days remaining on his AEDPA clock and reached that calculation by subtracting 331 days from **336** (rather than 365 days).  ECF Doc. 16 at 4.  As there are 365 days in a year, the use of 336 is in error.

Accordingly, it is respectfully RECOMMENDED:

1. That the motion to dismiss, ECF Doc 16, be DENIED.

2. That this matter be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 13th day of August, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:20cv5357-MCR-HTC